UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marcos Barbosa Dos Santos (A-Number: 245-883-480),<br>Petitioner,<br>v.<br>Tonya Andrews, et al.,<br>Respondents. | No. 1:26-cv-08540-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Marcos Barbosa Dos Santos is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4. The court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the court's prior orders and that would justify denying the petition. Doc. 8.

Respondents argue that petitioner is detained under 8 U.S.C. § 1226(a) and the "only relief warranted here is a bond hearing under Section 1226(a) and its implementing regulations." Doc. 9 at 1. But petitioner was previously encountered on March 8, 2024 and released with a Notice to Appear. Doc. 9-1 at 2, 4. This court has held that when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving

that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). Respondents do not distinguish those authorities or raise any argument that this court has not previously considered.

For the reasons stated in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, that bond hearing should have been provided before petitioner was detained. Generally, courts have held that "the Constitution requires some kind of a hearing *before* the State deprives a person of liberty." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents do not establish any urgent circumstances in this case.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to release petitioner Marcos Barbosa Dos Santos (A-Number: 245-883-480)

immediately.[1] Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is also directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: November 8, 2026

UNITED STATES DISTRICT JUDGE

[1] On October 14, 2026, the immigration judge granted petitioner voluntary departure, requiring petitioner to depart the United States on or before November 14, 2026. Doc. 9-2 at 1. Petitioner, who proceeds without counsel, is cautioned that this Order granting release does not modify the immigration judge's order granting voluntary departure.

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.